JUDGE BATTS

BLANK ROME, LLP
Attorneys for Plaintiff
YASMINE INVESTMENT CORP.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

**07 CIV 8492**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YASMINE INVESTMENT CORP., <br><br> Plaintiff, <br><br> -against- <br><br> JUMBO ENERGY LOGISTICS LIMITED, <br><br> Defendant. | 07 Civ. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, YASMINE INVESTMENT CORP. ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, JUMBO ENERGY LOGISTICS LIMITED ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign corporation with its principal place of business outside the United States.

3. At all material times, Defendant was and is a Marshall Islands corporation or other business entity organized under the laws of a foreign nation with an address c/o Jumbo Lines Shipping Agency, Dubai, U.A.E., and with no place of business in the United States.

4. By a charter party dated on or about January 30, 2004 ("the Charter"), Plaintiff chartered the M/T AQUAMARINE I ("the Vessel") to Defendant.

5. In breach of the Charter, Defendant failed timely to pay charter hire in the sum of $730,250, which remains unpaid, despite due demand.

6. The Charter provided for arbitration of disputes in London. Plaintiff reserves its right to arbitrate the disputes, pursuant to 9 U.S.C. § 8.

7. Maritime Arbitrators in London award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates: recoverable interest will amount to at least $110,000 at a rate of 5% per year for at least 3 years; recoverable arbitral costs and legal expenses will be incurred in the sum of at least $140,000, amounting in all to recoverable interest and expenses of at least $250,000.

8. The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is **$980,250**.

9. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order

directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **$980,250** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
October 1, 2007

>Respectfully submitted,
>BLANK ROME, LLP
>Attorneys for Plaintiff
>YASMINE INVESTMENT CORP.
>
>By _____
>Thomas H. Belknap, Jr. (TB-3188)
>405 Lexington Ave.
>New York, NY 10174-0208
>(212) 885-5000

## VERIFICATION

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF NEW YORK       )

Thomas H. Belknap, Jr., being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Thomas H. Belknap, Jr.

Sworn to before me this
1st day of October 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__

BLANK ROME, LLP
Attorneys for Plaintiff
YASMINE INVESTMENT CORP.
Thomas H. Belknap, Jr. (TB-3188)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YASMINE INVESTMENT CORP., <br><br> Plaintiff, <br><br> -against- <br><br> JUMBO ENERGY LOGISTICS LIMITED, <br><br> Defendant. | 07 Civ. <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                                          ) ss:
COUNTY OF NEW YORK  )

THOMAS H. BELKNAP, JR., being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, ("Defendant"), foreign corporations, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendant JUMBO ENERGY LOGISTICS LIMITED is a party to a maritime contract of charter party and is a foreign corporation with offices in Dubai, U.A.E. and no offices or place of business within this judicial district.

900200.00001/6578483v.1

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
THOMAS H. BELKNAP, JR.

Sworn to before me this
1st day October, 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20 _LL_

311808.1
900200.00001/6578483v.1

2